UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTHEW S. ZACCARINO,

    Plaintiff,

vs.

                      CASE NUMBER:

TROOPER KENNETH
MONTGOMERY;
Individually, and
COLONEL GARY L. HOWZE II,
in his official capacity as
Director of the FHP;

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, MATTHEW S. ZACCARINO (ZACCARINO), and sues the Defendants, TROOPER KENNETH MONTGOMERY (TROOPER), and COLONEL GARY L. HOWZE II (HOWZE), and alleges:

**GENERAL ALLEGATIONS**

1.    This action arises from the wrongful arrest of ZACCARINO by TROOPER on July 18, 2023.

2.    The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

3.  The § 768.28 Notice of Claim was provided more than six (6) months ago on or about April 11, 2024. Venue is proper in the Middle District of Florida because the wrongful arrest of ZACCARINO occurred in St. Johns County, Florida.

4.  This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of ZACCARINO's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

5.  At all times material, Plaintiff ZACCARINO is *sui juris* and was a resident of Seminole County, Florida.

6.  Defendant TROOPER upon information and belief, is a resident of St. Johns County, Florida, and is *sui juris*. At all times material, TROOPER was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Florida Highway Patrol. Defendant, TROOPER, is sued in his individual capacity.

7.  Defendant HOWZE is the Director of Florida Highway Patrol and the constitutional officer to be sued for wrongful acts of the Director's troopers. The Florida Highway Patrol is the government entity that employed TROOPER and was his employer when the false arrest of ZACCARINO occurred. Defendant, HOWZE, is sued in his official capacity only.

8. All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

## FACTS

9. On July 18, 2023, at 12:01 a.m. Trooper Montgomery observed a white 2016 Jeep Cherokee driving southbound on San Marco Avenue in the city of St. Augustine. The driver of the Jeep Cherokee was later identified as Mr. Zaccarino.

10. Trooper Montgomery initiated a traffic stop on the vehicle driven by Mr. Zaccarino.

11. Trooper Montgomery approached the front driver side door and claimed he smelled the odor of alcohol and marijuana from the vehicle.

12. Mr. Zaccarino denied consuming any alcoholic beverages that evening but admitted to possessing a valid medical marijuana card and to using his legally prescribed marijuana six to eight hours earlier.

13. Trooper Montgomery verified through Florida Highway Patrol dispatch that Mr. Zaccarino had a validly issued Medical Marijuana card.

14. Trooper Montgomery requested Mr. Zaccarino step out of the vehicle.

15. When speaking with Mr. Zaccarino outside of the vehicle, Trooper Montgomery did not detect the odor of alcohol coming from Mr. Zaccarino's person but did allege that he still detected the odor of marijuana coming from Mr. Zaccarino.

16. After Mr. Zaccarino performed Field Sobriety Exercises, Trooper Montgomery arrested Mr. Zaccarino for DUI and took him to jail.

17. Video of Mr. Zaccarino's driving and performance on the Field Sobriety Exercises refute all impairment allegations by Trooper Montgomery.

18. Mr. Zaccarino submitted two breath samples of .000, indicating Mr. Zaccarino was not under the influence of alcohol and certainly not to the extent that his normal faculties were impaired.

19. Mr. Zaccarino also provided a urine sample for testing after being arrested.

20. Laboratory testing of the urine sample done by the Florida Department of Law Enforcement came back negative for any controlled substances.

21. Ultimately, the charges against Mr. Zaccarino were dismissed by the State Attorney's Office, and the judge dismissed the traffic citations against Mr. Zaccarino.

**COUNT I – SECTION 1983 FALSE ARREST CLAIM AGAINST TROOPER**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 21 above, and further alleges:

23. Plaintiff was unlawfully seized by Defendant, TROOPER, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the St. Johns County Jail.

24. The warrantless arrest of Plaintiff without even arguable probable cause

violated Plaintiff's Fourth Amendment rights.

25. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

26. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

27. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

28. As a direct and proximate result of the aforementioned actions and omissions of the TROOPER, Plaintiff, ZACCARINO'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from TROOPER all damages to which he may be entitled under federal law for the injuries and damages he sustained and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;
    b. Loss of Enjoyment of Life of a past, present and future nature;
    c. Loss of Earning Capacity of a past, present and future nature;
    d. Punitive damages against Defendant, TROOPER;
    e. Pre and Post-Judgment Interest;

    f.      Statutory and Discretionary Costs;

    g.      Attorney's fees;

    h.      All such further relief, both general and specific, to which he may be entitled under the premises.

## STATE LAW CLAIMS

## COUNT II – STATE LAW FALSE ARREST AGAINST TROOPER (BAD FAITH, WILLFUL AND WANTON)

29. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1 – 21.

30. At all times relevant herein, Defendant, TROOPER, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

31. Defendant, TROOPER, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts. The actions of the TROOPER, were outside the course and scope of his employment with the FHP.

32. The Defendant, TROOPER's, actions were unreasonable and unwarranted under the circumstances.

33. As a further direct and proximate result of the acts, omissions, and

conduct of the Defendant, TROOPER, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

34. As a direct and proximate result of the aforementioned actions and omissions of TROOPER, Plaintiff, Zaccarino, suffered injuries and damages. Plaintiff seeks recovery from TROOPER of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include, but are not limited to, the following:

   a. Emotional Pain and Suffering of a past, present and future nature;

   b. Permanent Impairment of a past, present and future nature;

   c. Loss of Enjoyment of Life of a past, present and future nature;

   d. Loss of Earning Capacity of a past, present and future nature;

   e. Punitive damages against Defendant, TROOPER;

   f. Post-Judgment Interest;

   g. Statutory and Discretionary Costs;

   h. Attorney's fees;

   i. All such further relief, both general and specific, to which he may be entitled under the premises.

## COUNT III

## FALSE ARREST – DEFENDANT, HOWZE

## (COURSE AND SCOPE OF EMPLOYMENT)

35. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1 – 21.

36. Defendant, TROOPER's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, HOWZE.

37. The Defendant, TROOPER, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

38. Alternatively to Count II, the actions of Defendant, TROOPER, were performed in the course and scope of his employment with the Florida Highway Patrol and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

39. As a direct and proximate result of the acts of Defendant, TROOPER, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in his being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

40. Defendant, TROOPER's, conduct is actionable against Defendant, HOWZE pursuant to § 768.28, Fla. Stat. (2016).

41. As a direct and proximate result of the aforementioned actions and omissions of HOWZE, Plaintiff, ZACCARINO, suffered injuries and damages. Plaintiff seeks recovery from HOWZE of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;

    b. Permanent Impairment of a past, present and future nature;

    c. Loss of Enjoyment of Life of a past, present and future nature;

    d. Loss of Earning Capacity of a past, present and future nature;

    e. Post-Judgment Interest;

    f. Statutory and Discretionary Costs;

    g. Attorney's fees;

    h. All such further relief, both general and specific, to which he may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a

matter of right.

**RESPECTFULLY SUBMITTED** this 6th day of February 2025.

          **MICHAEL P. MADDUX, P.A.**

          *s/Michael P. Maddux*
          Michael P. Maddux, Esquire
          Florida Bar Number: 964212
          Trial Counsel for Plaintiff 2102
          West Cleveland Street Tampa,
          Florida 33606
          Telephone: (813) 253-3363
          Facsimile: (813) 253-2553
          E-Mail: mmaddux@madduxattorneys.com
          jszymczak@madduxattorneys.com
          ctonski@madduxattorneys.com